## Commonwealth v. Tressler

*Howard R. Berninger*, District Attorney, for Commonwealth.

*Smith, Eves & Keller*, for defendant.

KREISHER, P. J., February 5, 1962.—Defendant was charged with the violation of section 1025 of the Act of April 29, 1959, P. L. 58, 75 PS §1025, which provides, inter alia, that:

"No person shall throw, dump, or permit to be thrown or dumped, from a vehicle or tractor, on, upon or adjacent to a highway, any garbage, bottles, cans, rubbish, wire, glass or cardboard or wood cartons or boxes."

The information in the case was signed by a member of the Pennsylvania State Police on the first day of July, and on the same date, the justice mailed a notice to appear to defendant, directing that he appear on or before July 10. Defendant waived a hearing, posted bond for his appearance in court, and the matter is now before us for disposition.

When the case was called for hearing, counsel for defendant moved to quash the information on the basis that the notice to appear failed to give defendant the full statutory period of ten days as set forth in The Vehicle Code. Since all the parties were present in court, and in order to avoid requiring their return in the event the motion was denied, the court proceeded to hear the testimony.

The testimony has now been transcribed and filed, and from it we find the following facts.

Defendant, in company with a friend, secured a case of Simon Pure Beer at the home of defendant's father in Shamokin. They placed this beer in defendant's car and came to the village of Lightstreet, this county, where they had dates. They then drove to the vicinity of the Girl Scout Camp near the outskirts of Lightstreet where they parked and began drinking their beer.

The police officer was notified of their presence by a girl scout counsellor, so he proceeded to investigate the complaint.

After interrogating the parties, he told them to get into the car and leave the vicinity, and they agreed to his orders. Sometime later, the officer traveling along the same road, discovered an empty Simon Pure Beer

can lying along this dirt road, and since he observed defendant with Simon Pure Beer when he interrogated the boys and the girls along the highway, and since this particular brand of beer is not a common brand in this vicinity, he lodged this information against defendant who admittedly drove the automobile and admitted having a case of Simon Pure Beer in the vicinity.

We have on previous occasions sustained a motion to quash an information where it failed to give the alleged violator the full statutory period to appear. However, in this case, we choose to decide the case on its merits rather than upon this technical ground because the notice does give ten days if both the first and the last day are included in the count, but examining the above quoted statute which is criminal in nature and must be strictly construed, we find the very important word "throw."

There is no evidence before the court that this defendant threw this bottle or can from a vehicle. It is true that the officer has a very strong circumstantial case that defendant brought the can into the vicinity and must have by some means or other placed it along the highway.

However, the officer's testimony is to the effect that when he arrived on the scene, all four of the parties were outside of the car, as well as the case of beer which was sitting on the ground. It was approximately 11:00 p.m. when the officer told the parties to gather up their wares and move along, and in all likelihood, in the darkness an empty can could have been overlooked, in which event the can was not thrown or dumped from a vehicle.

It is our opinion that the legislature intended that prosecutions under this section of the code should be based upon the act of throwing the articles mentioned in the act from a moving vehicle, and not to cover a

situation where a piece of material may have been missed in clearing up after a picnic.

We realize that the act also contains the word "dump". However, words used in a statute are to be given their ordinary use and meaning, and "dump" is defined: "to let fall in a mass; hence to unload, as from a cart by tilting it."

The finding of one beer can, in our opinion, does not fall within this definition of unloading in a mass, and it therefore follows that we believe the Commonwealth has failed to make out its case beyond a reasonable doubt, and that the actions testified to by the officer do not show a violation of the act of assembly above quoted.

Therefore, we enter the following:

*Order of Court*

And now, February 5, 1962, the above captioned case is dismissed at the cost of the County of Coumbia.